UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH EKDAHL, | 1:13-cv-00542-AWI-JLT  (HC) |
| Petitioner, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Doc. 23) |
| vs. | ORDER DENYING MOTION FOR EVIDENTIARY HEARING (Doc. 22) |
| RALPH DIAZ, | |
| Respondent. | |
| _____/ | |

PROCEDURAL HISTORY

The petition was filed on April 16, 2013, challenging the results of a prison disciplinary hearing. (Doc. 1). On June 3, 2013, Respondent moved to dismiss the petition for failure to state a cognizable habeas claim. (Doc. 14). The gravamen of Respondent's argument was that, because Petitioner was serving an indeterminate prison term and had already passed his minimum parole eligibility date, the loss of credits occasioned by the disciplinary hearing could not affect the length of his sentence. (Id.). On July 26, 2013, the Court issued Findings and Recommendations to grant the motion to dismiss. (Doc. 19). On September 19, 2013, Petitioner filed two motions: (1) a motion to schedule an evidentiary hearing; and (2) a motion for appointment of counsel. (Docs. 22 & 23).

DISCUSSION

Regarding the appointment of counsel, there currently exists no absolute right to

1   appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481
2   (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. §
3   3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of
4   justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, given
5   the Court prior conclusion that no cognizable federal habeas claim has been pleaded, the Court does
6   not find that the interests of justice require the appointment of counsel at the present time.

7   Regarding the evidentiary hearing request, Rule 8(a) of the Rules Governing Section 2254
8   Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge,
9   after the answer and transcripts and record of the state court proceedings are filed, shall, *upon review*
10  of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an
11  evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is
12  required where it is clear from the petition that:  (1) the allegations, if established, would entitle the
13  petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See,
14  Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing
15  is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v.
16  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues
17  of law are raised. Id.

18  In this case, Petitioner has argued that his disciplinary finding may result in his being
19  excluded from a list of inmates eligible for early released from state prison due to an ongoing legal
20  challenge in federal court.  In the motion for evidentiary hearing, Petitioner further contends that
21  such a hearing is necessary to obtain and litigate court documents that would show that the State of
22  California has the power to substitute inmates on the list of eligible "early release" inmates, and that
23  Petitioner would, but for his disciplinary finding, be available to be substituted onto the list.  (Doc.
24  22, p. 1).  In the Court's view, even were Petitioner part of a list that could conceivably have been
25  substituted into the list for early release, in the Court's view, that is still so speculative that it cannot
26  be said that the disciplinary hearing "probably" affected the length of his sentence.  Accordingly, no
27  evidentiary hearing is required.  Hendricks v. Vasquez, 974 F.2d 1099, 1103.

28

More important, under United States Supreme Court law, the Court cannot conduct an evidentiary hearing regarding facts that have never been presented to the state court. In <u>Cullen v. Pinholster</u>, 563 U.S. ___ , 131 S.Ct. 1388 (2011), the United State Supreme Court held that review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits. The Court held that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made." <u>Id</u>., at ___ (slip op. at 9). Thus, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions "against this Court's precedents *as of 'the time the state court renders its decision.'*" <u>Id</u>., at __ (slip op. at 10)(quoting <u>Lockyer v. Andrade</u>, 538 U.S. 63, 71-72 (2003)(emphasis in original); <u>Greene v. Fisher</u>, 2011 WL 5335411, no. 10-637, Nov. 8, 2011.

Here, there is no indication that Petitioner has presented these facts regarding the substitution of inmates for early release and Petitioner's potential eligibility for such a substitution list, to the state court. Under Pinholster, this Court cannot conduct an evidentiary hearing to decide facts never before presented to and reviewed by the state court. Accordingly, Petitioner's argument provides no basis for granting an evidentiary hearing.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for evidentiary hearing (Doc. 22), is DENIED;
2. Petitioner's motion for appointment of counsel (Doc. 23), is DENIED.

IT IS SO ORDERED.

Dated:   **September 17, 2013**             **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE