UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH EKDAHL,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00542-AWI-JLT<br><br>ORDER REQUIRING RESPONDENT TO LODGE TRANSCRIPT OF PAROLE HEARING WITHIN THIRTY DAYS<br><br>ORDER PERMITTING RESPONDENT TO FILE MEMORANDUM BRIEF<br><br>ORDER DENYING PETITIONER'S MOTION FOR STAY AS MOOT (Doc. 27)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR PRODUCTION OF NEW EVIDENCE (Doc. 30)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION FOR STAY (Doc. 31) |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　Petitioner filed the instant petition on April 16, 2013. (Doc. 1). On April 19, 2013, 2012, the Court ordered Respondent to file a response to the petition within sixty days and set a briefing schedule. (Doc. 5). On June 3, 2013, Respondent filed a motion to dismiss in lieu of filing an answer. (Doc. 14). Petitioner filed his opposition on June 27, 2013. (Doc. 14). On July 26, 2013, the Court

issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. 19). In short, the Court determined the motion to dismiss should be granted because there was no showing that, if Petitioner were successful, that this would not necessarily impact the length of his sentence. Id. The matter remains pending before the U.S. District Judge for a final decision.

On December 19, 2013, Petitioner filed a motion to stay his parole hearing, which was scheduled for February 5, 2014. (Doc. 27) Petitioner asserted that the discipline imposed upon him (which is challenged in this petition) could affect his chance for being granted parole. (Doc. 27). On April 24, 2014, that parole hearing was held and Petitioner was found not suitable for parole. (Doc. 30). On May 29, 2014, Petitioner filed a motion to produce the transcript of that hearing, for judicial notice of the results of the parole hearing, and for a stay of proceedings until that transcript can be obtained. Petitioner contends that the transcript contains a statement by a member of the parole board which affirmed, in essence, that but for the discipline at issue in this petition, Petitioner would have been granted parole. (Docs. 30 & 31). Upon this evidence, Petitioner argues that this demonstrates habeas jurisdiction exists.

## DISCUSSION

Regarding Petitioner's first motion for stay filed on December 19, 2013, that motion is now moot in light of the fact that the parole hearing Petitioner sought to have stayed has already been conducted. Moreover, as a habeas court, this Court may grant or deny a habeas petition filed by a state inmate; however, the Court has absolutely no authority to stay any proceedings of the California Board of Parole Hearings. Accordingly, Petitioner's motion to stay is **DENIED** as **MOOT.**

Regarding Petitioner's later-filed motions related to obtaining a transcript of the April 24, 2014 parole hearing, the Court will order Respondent to obtain and file with the Court a transcript of that hearing in order to confirm or deny Petitioner's allegation that a member or members of the Board of Parole Hearings represented to Petitioner that "but for" his disciplinary hearing and sanctions resulting from that hearing, the Board would have found Petitioner suitable for parole at the April 24, 2014 hearing. Respondent will be permitted to file a memorandum brief along with the transcript, should Respondent wish to do so, addressing whether anything in the parole hearing transcript should affect or alter the Findings and Recommendations issued on July 26, 2013.

**ORDER**

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner's motion for stay filed December 19, 2013 (Doc. 27), is **DENIED** as **MOOT**;

2. Respondent **SHALL** lodge a true and correct copy of Petitioner's April 24, 2014 parole hearing transcript **within 30 days** of the date of this order;

3. **Within 30 days** after filing the transcript, Respondent is granted leave to file a memorandum brief addressing whether anything in the April 24, 2014 transcript should alter or affect the Court's Findings and Recommendations issued on July 26, 2013;

4. Petitioner's motion for production of new evidence (Doc. 30), is **DENIED** as **MOOT**; and,

5. Petitioner's motion for stay until new evidence is reviewed (Doc. 31), is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated:   **September 3, 2014**                    /s/ Jennifer L. Thurston
                                                  UNITED STATES MAGISTRATE JUDGE