UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH EKDAHL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RALPH DIAZ, Warden,<br><br>　　　　　Respondent. | Case No.: 1:13-cv-00542-AWI-JLT<br><br>ORDER DENYING MOTION TO DISMISS IN PART AND GRANTING MOTION IN PART (Doc. 14)<br><br>ORDER REFERRING CASE TO THE MAGISTRATE JUDGE TO SET A SCHEDULING BRIEF |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 3, 2013, Respondent filed a motion to dismiss the petition for lack of jurisdiction. (Doc. 14).  On July 26, 2013, the Magistrate Judge assigned to the case issued Findings and Recommendations that recommended the Court grant Respondent's motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  (Doc. 19).  This Findings

1

and Recommendations was served upon all parties and contained notice that objections could be filed. Petitioner filed objections to the Magistrate Judge's Findings and Recommendations. (Doc. 20)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court respectfully concludes that the Magistrate Judge's Findings and Recommendations should not be adopted in full. Because the facts and procedural history of this action are known to the parties and set forth in the Findings and Recommendations, they shall not be repeated here.

In general, federal law opens two main avenues prisoners can use to address complaints related to imprisonment: (1) A petition for habeas corpus, 28 U.S.C. § 2254, and (2) A complaint under 42 U.S.C. § 1983. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).

In general, a habeas corpus petition challenging a prison disciplinary action no longer presents a case or controversy, and therefore becomes moot, when there has been no loss of prison credits or the punishment has been withdrawn or completed. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). However, where the petitioner can show "collateral consequences" flow from the disciplinary action (beyond the punishment imposed), the case remains justiciable. Id. at 479 80. In this action, Petitioner did not lose prison credits as a result of the prison disciplinary hearing. This Court must therefore determine whether Petitioner has alleged facts showing that the collateral consequences of the disciplinary action are still relevant to his term of release.

Whether a habeas corpus petition should be dismissed requires the court to consider "the likelihood of the effect on the overall length of the prisoner's sentence [in determining] the availability of habeas corpus." Martin v. Tilton, 430 Fed.Appx. 590, 591, 2011 WL 1624989, at *1 (9th Cir 2011); Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004). Concerning guilty findings at disciplinary hearings when no time credits have been taken or have been taken and then returned returned, habeas corpus jurisdiction exists when a petitioner seeks "expungement of a disciplinary

violation from his record *if the expungement is likely* to accelerate the petitioner's release on parole." Martin, 2011 WL 1624989, at *1 (emphasis added); Docken, 393 F.3d at 1028; Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  The Ninth Circuit has found that "the potential relationship between [a petitioner's] claim and the duration of his confinement is undeniable.  In such a case, the Ninth Circuit has stated that is "reluctant to unnecessarily constrain [the court's] jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so."  Docken, 393 F.3d at 1031. Given this authority, the relevant question before the Court is whether the disciplinary hearing at issue is likely to accelerate Petitioner's duration of confinement.  Docken, 393 F.3d at 1031.

The Court respectfully disagrees with the Magistrate Judge that the entire petition should be dismissed at this time.  Reviewing only the allegations in the petition, without a response from Respondent or any additional evidence, does not resolve whether the Court's expungement of the disciplinary violation is likely to accelerate Petitioner's release from confinement.

The Court agrees with the Magistrate Judge's review of case law concerning this Court's jurisdiction in civil rights cases brought pursuant to 42 U.S.C. § 1983 regarding disciplinary hearings. In Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003), the plaintiff filed a civil rights action under 42 U.S.C. § 1983.  Id. at 852.  The plaintiff alleged that his constitutional rights were violated by the procedures utilized in a prison disciplinary hearing.  Id.  The District Court dismissed the complaint, and it found that Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997), required the plaintiff to invalidate his disciplinary violation before filing a civil rights complaint.  In Ramirez, the Ninth Circuit stated that the court's inquiry when determining whether a Section 1983 civil rights complaint is available is if a successful challenge to the procedures used in the hearing "could be such as necessarily to imply the invalidity of the judgment" and a reduction of the length of plaintiff's confinement.  Ramirez, 334 F.3d at 859 (emphasis added).  However, the action before the Court is not a civil rights action; Petitioner has filed this action as a habeas corpus petition.

This Court finds that the Supreme Court has not imposed a "necessarily" requirement in habeas corpus actions concerning prison disciplinary findings. In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court addressed only whether a Section 1983 action is barred if success in that action would "necessarily demonstrate the invalidity of confinement or its duration." As the Ninth Circuit pointed out in Docken, as with Wilkinson, most cases on this subject have concerned "how far the general remedy provided by § 1983 may go before it intrudes into the more specific realm of habeas, not the other way around . . . . Put simply, when the Supreme Court has concerned itself with the interaction between § 1983 and habeas, it has looked in only one direction." Docken, 393 F.3d at 1027.

The Court does recognize the inconsistent conclusions from the Ninth Circuit, District Courts within the Ninth Circuit, and Courts within the Eastern District of California concerning habeas corpus jurisdiction where a petitioner challenges a disciplinary violation but no prison credits were lost or the petitioner is unable to receive prison credits. See, e.g., Birdwell v. Martel, 2012 WL 761914 (E.D.Cal. Mar 07, 2012) (findings and recommendations providing numerous examples of conflicting opinions). After evaluating Docken, the undersigned agrees with those courts that have found "likelihood" is the appropriate test in a habeas corpus action, and that whether prison credits are lost does not provide an absolute line as to whether habeas jurisdiction is available. See Martin, 2011 WL 1624989, at *1; see also Gray v. Beard, 2013 WL 4782821 (S.D.Cal. Sept. 6, 2013) ("[T]he likelihood of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus."); Davis v. Haviland, 2013 WL 3166587 (E.D.Cal. June 20, 2013) (finding habeas corpus jurisdiction based on fact petitioner's designation as a gang member could affect the duration of his confinement by making it more likely he would not be granted parole); Dunn v. Swarthout, 2012 WL 3143889, *2 (E.D.Cal. Aug.1, 2012) ("It is at least 'likely that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole at any future parole hearing.'"); Chavez v. Lewis, 2012 WL 538242 (N.D.Cal. Feb 17, 2012) (same); Young v. Sisto, 2012 WL 125520 (E.D.Cal. Jan 17, 2012) (finding habeas corpus jurisdiction available for life-term petitioner who had passed his minimum eligible

parole date because the disciplinary hearing's expungement, if warranted, was likely to accelerate his eligibility for parole); <u>Flores v. Lewis</u>, 2011 WL 2531240 (N.D.Cal. 2011) (finding expungement of Petitioner's designation as a gang member, if appropriate, could affect the duration of his confinement and applying the standard of whether it will make it more likely that the petitioner would be granted parole); <u>Maxwell v. Neotti</u>, 2010 WL 3338806 (S.D.Cal. July 15 2010) (concluding that habeas corpus relief could be pursued where the petitioner sought expungement of a disciplinary conviction that was likely to affect parole consideration under state law).  <u>But see</u> <u>Richardson v. Yates</u>, 2011 WL 2148704 (9th Cir. June 1, 2011) (affirming dismissal of Section 2254 case because relief was available under Section 1983).

      This Court rejects the contention that habeas corpus relief is automatically unavailable if a civil rights action is also available.  The undersigned simply disagrees with the Magistrate Judge that, at this screening stage, dismissal is appropriate.  The question before the Court is whether ***expungement of a disciplinary violation is likely to accelerate the petitioner's release on parole***.  The Court cannot find that the complaint's allegations fail to allege expungement is likely to accelerate release on parole.

      In reaching this finding, the Court cites the law that requires the Parole Board, when considering suitability for parole, to consider "all relevant, reliable information available," including "behavior before, during, and after the crime[.]" Cal.Code Regs. tit. 15, § 2402(a) & (b). Circumstances tending to show unsuitability for parole include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." <u>Id</u>. at § 2402(c)(6).  Institutional behavior is given additional consideration among the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." <u>Id</u>. at § 2402 (d)(9). On this subject, the Eastern District of California has made certain factual findings concerning the impact of a disciplinary violation on parole, and another Judge in the Eastern District has found as follows:

> Here, the undersigned finds respondent's contention that the vacating of the prison disciplinary convictions petitioner seeks is not likely to effect his eligibility for release on parole to be unpersuasive. This court has reviewed the transcript of petitioner's 2011 parole suitability hearing as well as transcripts of numerous such hearings at which the Board denies inmates parole due, at least in part, to the presence of one or more prison disciplinary convictions in their record. In denying parole the Board panels regularly advise inmates to become or remain disciplinary free pending their next parole suitability hearing . . . .

Davis, 2013 WL 3166587, at *5 (E.D.Cal. 2013).

The complaint alleges that Plaintiff has been sentenced to life imprisonment with a possible chance of parole after 15 years. When the petition was filed, Petitioner had served 27 years. At issue in this action is a November 4, 2010 prison disciplinary finding. Plaintiff contends this finding will negatively influence his liberty interest in obtaining parole for years.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995).

In this action, Petitioner contends that some of Wolff's requirements were not met. Petitioner contends he was not allowed an investigative employee, not allowed to question witnesses, not allowed to call potential witnesses, and not given a full notice of the charge against him because the

6

charge was "switched" at the hearing.   To the extent Petitioner has alleged Constitutional violations as set forth in Wolff, the Court finds that Plaintiff has alleged sufficient facts to state a claim.

Petitioner also alleges numerous violations of California Regulations, found at Title 15 of the California Code of Regulations.   The federal constitution does not protect prisoners from alleged violations of California law.  As Petitioner filed this action as a petition for writ of habeas corpus, only Petitioner's constitutional claims may proceed.  See 28 U.S.C. § 2254.   Petitioner's allegations that state law was violated cannot provide the basis of this habeas corpus petition.

Finally, to the extent any party raises new arguments and theories in their objections, the Court shall not consider them.  See  Rosenfeld v. United States Dep't of Justice, 57 F.3d 803, 811 (9th Cir.1995);  Greenhow v. Secretary of HHS, 863 F.2d 633, 638-39 (9th Cir. 1988).  Factual assertions that could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations.   Wade v. Liles, 2007 WL 2481881, *2 (E.D.Cal. 2007); Sundaram v. County of Santa Barbara, 2001 WL 540515, *1 (C.D.Cal. 2001); Beam System, Inc. v. Checkpoint Systems, Inc., 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).   Thus, the additional arguments made in Plaintiff's objections will not be addressed.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's Motion to Dismiss (Doc. 14), is DENIED in part and GRANTED in part:

    A. This action SHALL proceed to the extend Petitioner is raising procedural due process claims pursuant to Wolff;

    B. All claims relating to Respondent's alleged violation of California law are DISMISSED; and

2. This action is referred to the Magistrate Judge to set a further briefing schedule.

/ / /

/ / /

IT IS SO ORDERED.

Dated:   September 30, 2014                    _____
                                               SENIOR DISTRICT JUDGE